
PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. Lawrence Whiteman                                  Docket Number: 06-cr-00091-WYD-01

**Petition on Supervised Release**

COMES NOW, Sherrie Blake, probation officer of the court, presenting an official report upon the conduct and attitude of Lawrence Whiteman who was placed on supervision by the Honorable Roger G. Strand sitting in the court at Phoenix, Arizona, on the 2nd day of June, 2000, who fixed the period of supervision at 3 years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. You shall submit to search of person, property, vehicles, business, and residence to be conducted in a reasonable manner and at a reasonable time by, or at the direction of, the probation officer.

2. You shall participate in sex offender treatment as directed by the probation officer and submit to a risk assessment including physiological testing which may include, but is not limited to polygraph, plethysmograph, and/or the ABEL Assessment. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.

3. You shall reside in a residence approved, in advance, by the probation officer. Any change in the residence must be pre-approved by the probation officer.

4. You shall not have contact with children under the age of 18 without prior written permission of the probation officer, and shall report any unauthorized conduct immediately to the probation officer.

5. You shall not possess any form of pornography, sexually stimulating, or sexually orientated material as deemed inappropriate by the probation officer and/or treatment staff. You shall not enter any location where pornography or erotica can be accessed, obtained or viewed.

6. You are restricted from engaging in any occupation, business, or profession where you have access to children without prior written permission of the probation officer.

7. You shall register with the state sex offender agency in any state where you reside, are employed, carry on a vocation, or are a student, as directed by the probation officer.

8. You shall not possess or use a computer with access to any "online computer service" at any location (including place of employment) without the prior written approval of the probation officer. This includes any Internet Service provider, bulletin board system or any other public or private network or e-mail system.

9. You shall not utilize any sex-related adult telephone numbers. The probation officer will verify compliance through the submission of personal/business telephone records.

**On March 17, 2006, jurisdiction was transferred from the District of Arizona to the District of Colorado.**

**On June 29, 2006, the Court modified the terms of supervised release to include the following modification:**

10. The defendant shall be required to reside in a Residential Reentry Center for a period of up to 180 days to commence as directed by the probation officer.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference

PRAYING THAT THE COURT WILL ORDER the issuance of a summons for a Supervised Release Violation Hearing scheduled as soon as the Court's calender permits.

### ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 19th day of January, 2007, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | s/ Sherrie Blake |
| | U.S. Probation Officer |
| s/ Wiley Y. Daniel | |
| Wiley Y. Daniel | Place: Denver, Colorado |
| U. S. District Judge | |
| | Date: January 12, 2007 |

## ATTACHMENT

On March 3, 2004, the conditions of supervised release were read and explained to the defendant. On that date, he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy of them. The term of supervised release commenced on March 1, 2004.

The defendant has committed the following violation of supervised release:

1. **FAILURE TO PARTICIPATE IN SEX OFFENDER TREATMENT:**

On December 28, 2006, the defendant was unsuccessfully terminated from sex offender treatment at Behavioral Clinical Services in Grand Junction, Colorado, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On March 18, 2004, the defendant was instructed to participate in sex offender treatment at Behavioral Clinical Services, Grand Junction. Colorado. On April 13, 2004, a sex offender evaluation was completed and it was recommended the defendant participate in sex offender treatment, which commenced on April 27, 2004.

On December 28, 2006, the defendant was unsatisfactorily terminated from treatment at Behavioral Clinical Services. As grounds for the termination, the defendant's assigned therapist, Carolyn Sonda wrote:

> "Mr. Whiteman is officially terminated from therapy, effective immediately, for failure to progress sufficiently to complete treatment. Mr. Whiteman has struggled since he began treatment in 2004, breaking the rules of the therapy contract: being deceitful, justifying his deviant behavior, placing himself in high risk situations, etc. Because of these problems he spent time in the group for deniers and was most recently placed in community corrections (approximately August 2006) for the safety of the community."

Although the defendant was unsatisfactorily terminated from treatment, Behavioral Clinical Services has agreed to continue to provide provisional treatment services pending the resolution of this violation proceeding. Carolyn Sonda recommends that the defendant's supervision be extended so that remedial treatment services can be provided. In her termination summary, Ms. Sonda concludes:

> "Without supervision and sex offender therapy in accord with the state standards, Mr. Whiteman is at high risk to re-offend. Accordingly, we recommend that he have his probation extended for a sufficiently long time period to complete sex offender treatment and internalize the skills necessary to resist his deviant impulses. It would be most effective if he can continue his therapy and local supervision without significant interruption."